IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK RICKETTS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-04034-RWS |
| BANK OF AMERICA, N.A., BAC : | |
| HOME LOANS SERVICING, LP, : | |
| BANK OF AMERICA, N.A. sbm : | |
| to BAC HOME LOANS : | |
| SERVICING LP fka : | |
| COUNTRYWIDE HOME LOANS : | |
| SERVICING, LP, RUBIN : | |
| LUBLIN, LLC and : | |
| COUNTRYWIDE HOME : | |
| LOANS, INC., : | |
| : | |
| Defendants. : | |

**ORDER**

This case comes before the Court on Defendants Bank of America, N.A., both in its singular capacity and as successor by merger to BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., and Rubin Lublin, LLC's ("Defendants") Motion to Dismiss [2], Plaintiff Patrick Ricketts's ("Plaintiff") motion styled "Motion in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint" [7], and Defendants' Motion to Strike Plaintiff's Motion

in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion to Strike") [5].  After reviewing the record, the Court enters the following Order.

## Background

This case arises out of the initiation of foreclosure proceedings on property located at 6166 Red Maple Road, Atlanta, Georgia, 30349 (the "Property").  (Br. in Supp. of Pl.'s Mot. in Opp'n to Defs.' Mot. to Dismiss Pl.'s Compl. ("Pl.'s Opp'n Br."), Dkt. [1-2] at 6 of 18; Notice of Removal, Ex. A (Security Deed), Dkt. [2-2] at 12 of 21.)[1]  On October 25, 2012, Plaintiff, acting pro se, initiated this proceeding by filing a Complaint in the Superior Court of Fulton County.  (Dkt. [1-1].)  Defendants removed the case to this Court on November 20, 2012, and on November 21, 2012, filed a motion to dismiss the Complaint for insufficient process, insufficient service of process, and failure to state a claim upon which relief may be granted, pursuant to

---

[1] The court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed, when considering a motion to dismiss.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1998).  This does not convert the motion into one for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006).

2

Federal Rule of Civil Procedure ("Rule") 12(b)(4), 12(b)(5) and 12(b)(6). (Notice of Removal, Dkt. [1]; Defs.' Mot. to Dismiss, Dkt. [2].)

Contemporaneously with the filing of the Complaint, and before Defendants filed the instant Motion to Dismiss, Plaintiff filed a document styled "Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint" (Dkt. [7]), which Defendants now move to strike (Defs.' Mot. to Strike, Dkt. [5]). Although Plaintiff's "motion" was filed prior to the filing of Defendants' Motion to Dismiss, the Court deems it a response in opposition to the Motion to Dismiss, as it is responsive to certain arguments raised therein.

## Discussion

### I.   Defendants' Motion to Dismiss [2]

The Court agrees with Defendants that the Complaint is due to be dismissed for insufficient service of process, pursuant to Rule 12(b)(5). Service of process on corporate defendants or entities, such as Defendants in the present case, is governed by Rule 4(h)(1), which provides that a corporation or entity must be served:

> (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or

3

  (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1) provides, in turn, that an individual may be served by "following state law for serving a summons in an action brought in a court of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).  Accordingly, "Rule 4 provides that a plaintiff may serve a corporation in one of two ways."  Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009).  "First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made."  Id. (citing Fed. R. Civ. P. 4(h)(1), 4(e)(1)).  "Second, a plaintiff may effect service by 'delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.'"  Id. (quoting Fed. R. Civ. P. 4(h)(1)) (emphasis omitted).

4

In this case, Plaintiff attempted to serve Defendants by mailing to each of them a copy of both the Summons and Complaint via United States Postal Service ("USPS") first class mail.  (Pl.'s Mot. in Opp'n to Defs.' Mot. to Dismiss, Dkt. [7] at 3 of 16; Defs.' Br., Dkt. [2-1] at 7 of 24.)  The Court finds that Plaintiff failed to effect service of process on Defendants in either manner prescribed by Rule 4.  First, Plaintiff did not serve Defendants in a manner that satisfies the Georgia law prescribing sufficient service of process on an individual.  Under Georgia law, personal service must be made upon a corporation by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . . ."  O.C.G.A. § 9-11-4(e)(1).  Service on Defendants via USPS first class mail does not satisfy this requirement.

Second, a plaintiff may serve process on a corporate defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B).  This Rule mirrors the equivalent Georgia statute, and as such delivery of a copy of both the Summons and the Complaint to Defendants via USPS first class mail is

5

similarly insufficient. Accordingly, Plaintiff has failed to effect service of process in either manner prescribed in Rule 4(h)(1).

Rule 4(m) requires plaintiffs to properly serve all defendants within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Rule 4(m) specifically provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). In a removal case such as this one, "the 120-day time period for service of process in a removal action runs from the date of the removal . . . ." Moore v. McCalla Raymer, LLC, 1:12-CV-1714-TWT, 2013 WL 28253, at *4 (N.D. Ga. Jan. 2, 2013) (internal quotations and citation omitted). Plaintiff has failed to take any steps to cure the insufficient service of process on Defendants, the 120-day time limit for service of process has elapsed, and Plaintiff has failed to show good cause for his failure to effect

6

sufficient service of process. Therefore, Defendants' Motion to Dismiss [2] is **GRANTED** for insufficient service of process.[2]

## II. Defendants' Motion to Strike [5]

As stated in the Background section, supra, the Court has deemed Plaintiff's "Motion in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint" to be a brief in opposition to Defendants' Motion to Dismiss. Defendants' Motion to Strike therefore is **DENIED**.

### Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [2] is **GRANTED** for insufficient service of process, pursuant to Rule 12(b)(5). Defendants' Motion to Strike Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint [5] is **DENIED**. The Clerk is **DIRECTED** to change the styling of Plaintiff's "Motion in Opposition to

---

[2] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Accordingly, where valid service of process is found to be lacking, it is "improper for the district court to . . . reach[] the merits." Jackson v. Warden, FCC Coleman–USP, 259 F. App'x 181, 182-83 (11th Cir. 2007). In light of the Court's finding that Plaintiff failed to effect proper service of process on Defendants, the Court will not consider Defendants' argument that the Complaint fails to state a claim upon which relief may be granted.

7

Defendants' Motion to Dismiss" [7] from a motion to a response in opposition and to close the case.

**SO ORDERED**, this   21st   day of June, 2013.

                                                                    *Richard W. Story*
                                                                    **RICHARD W. STORY**
                                                                    United States District Judge

AO 72A
(Rev.8/82)